IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LESTER WASHINGTON,
    Plaintiff,

vs.                                      Case No.: 3:18cv446/RV/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon Motions to Dismiss filed by Defendants School Board of Escambia County ("School Board"), Ashleigh Frizen Crowson, Sondra Hill, Shelly Cox, and Betty Timms (ECF No. 34; *see also* ECF No. 35 (memorandum in support thereof)); Defendants Malcolm Thomas, Alan Scott, Teri Szafran, Keith Leonard, Elizabeth Oakes, Aggie Bauer, Regina Lipnick, and Holly McGee (ECF No. 36); and Defendant State of Florida (ECF No. 40). Plaintiff Lester Washington ("Washington"), who is proceeding pro se in this action, filed a collective Response in opposition to the motions to dismiss and a memorandum in support thereof (ECF Nos. 66, 67).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P.

72(b). Upon consideration of Washington's pleadings and Defendants' motions to dismiss, the undersigned concludes that the Amended Complaint should be dismissed, and that Washington should be granted leave to file a Second Amended Complaint against only Defendant Escambia County School District/School Board.

I.      MOTION TO DISMISS STANDARD

Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint must "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957)). To survive the motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more

than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> . . . a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Generally, the court should construe a pro se pleading more liberally than it would a formal pleadings drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (internal quotation marks and citation omitted); *see also Bishop v. Romer*, Nos. 98–1294, 98–1296, 1999 WL 46688, at *3 (10th Cir. Feb. 3, 1999) (unpublished) (holding that this less stringent standard should not allow a court to ignore inadequacies in the complaint where a pro se plaintiff fails to allege facts necessary to establish the claim or to "conjure up questions never squarely presented"). A complaint is insufficient where it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach City Sherriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted). Such a complaint "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

The court-approved complaint form, which this Court's Local Rules require pro se plaintiffs to use in civil cases where a plaintiff asserts a claim under the Constitution or a federal statute creating individual rights, *see* N.D. Fla. Loc. R. 5.7(A), clearly instructs Washington as follows:

> Write a short and plain statement of your claim. Do not make legal arguments or quote from cases. State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do. Identify how each named Defendant caused you harm or violated federal law. Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident. If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged. Attach no more than two (2) additional pages to state your claim.

(*see* ECF No. 1 at 6; ECF No. 19 at 8).[1]

Federal Rule of Civil Procedure 15 states, generally, that "[a] party may amend its pleading once as a matter of course," but requires "the opposing party's written consent or the court's leave" for subsequent amendments. Fed. R. Civ. P. 15(a)(1)–(2). Generally, when "a more carefully drafted complaint" might state a claim, the plaintiff must be given a chance to amend before dismissal. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (internal quotation marks and citation

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

Case No.: 3:18cv446/RV/EMT

omitted). However, the district court need not provide such an opportunity where the plaintiff has repeatedly failed to cure deficiencies in his complaint through previous amendments or where amendment would be futile. *Id.*

II.   DISCUSSION

One ground common to all three motions to dismiss is the contention that, pursuant to Federal Rule of Civil Procedure 8(a), the complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Part of the obligation under Rule 8(a) is the requirement that the complaint provide sufficient factual allegations so as to provide a basis for each claim that is presented, such that Defendants will have fair notice of the content of those claims. *Twombly*, 550 U.S. at 555.

As Defendants assert, Washington's First Amended Complaint (the operative pleading) sets out a multitude of claims for relief (18 to be exact) under various provisions of both federal and state law and the Constitution, amongst which are Title VII; Title IX; 42 U.S.C. §§ 1981 and 1983; the First, Fifth, Eleventh, Thirteenth and Fourteenth Amendments; the Hate Crimes Prevention Act; the Americans with Disabilities Act; the Florida Civil Rights Act; "Whistle Blower Protected Acts"; and "State and Federal False Claims Acts" (*see* ECF No. 19 at 12). All of these claims

derive from the core fact that Washington was terminated from his employment with Defendant Escambia County School District/School Board.  Beyond that, Defendants contend the First Amended Complaint provides very little factual basis for Washington's claims, leaving Defendants to guess as to how the alleged violations of federal and Florida law apply to them.  As other grounds for dismissal, Defendants assert that the First Amended Complaint fails to state a claim upon which relief may be granted and that they are entitled to qualified immunity.

Defendants' contentions are accurate.  Although the First Amended Complaint does set out some facts, roughly in chronological sequence, those facts are largely conclusory in nature, alleging for example that Defendants filed false ethics and theft claims against him; discriminated and retaliated against him; forced him to take work home with him and perform unpaid work; made intentionally false and slanderous statements against him; denied him due process and obstructed justice by directing an appeals committee "not to consider any evidence"; "supported ECSD, FLDOE, et al[.], by lying in depositions, stealing his EEA membership due [sic]"; "used altered statistical methods to hide facts, falsely accused him, a Whistleblower, of Ethics violations, and excused ECSD"; and terminated him by "misus[ing] No Probable

Cause (NPC) and Right To Work (RTW) to override Federal Title VII" (ECF No. 19 at 10–12, ¶¶ 42, 3, 26, 12).

The vast majority of Washington's allegations are left unexplained, many are not definitive as to which Defendants were involved in which allegation, and some are simply unclear.  In most instances, Washington merely expresses his ultimate conclusion as to what wrongs Defendants committed, without alleging facts to show how those wrongs were committed.  In sum, the First Amended Complaint fails to describe specific facts and events to support his claims.

Further, it is apparent from Washington's filings in this case, that providing him another opportunity to amend his complaint would be futile.  Defendants' motions to dismiss put Washington on notice of his need to provide a short and plain statement of each of his claims showing he is entitled to relief, and his need to provide sufficient factual allegations so as to provide a basis for each claim that is presented, such that each Defendant has fair notice of the content of those claims.  Despite Washington's having been put on notice of his need to do this, he responded by peppering Defendants with, as the court previously described, "a confusing array of argument and documentation" (*see* ECF Nos. 50–56, 58–64).  Indeed, the court ordered Washington's filings to be stricken from the record and returned to him, with

instructions that he file a singular response to each motion to dismiss (or to more than one motion collectively), and that he must allege his claims with enough factual specificity that Defendants are provided with adequate notice as to what the claims against them are (*see* ECF No. 65). Washington filed a new response and a supporting memorandum, but his filings further demonstrate his inability or refusal to provide each Defendant with fair notice of the content of his claims against each of them (*see* ECF Nos. 66, 67).

The only thing that is clear is that Washington is complaining that his termination from employment with the Escambia County School District/School Board violated state and federal employment discrimination statutes, specifically, Title VII, the ADEA, and the ADA. As Defendant Escambia County School District/School Board points out, federal employment discrimination statutes impose liability only upon "employers" as defined therein (*see* ECF No. 35 at 6). It is thus apparent that the only proper Defendant with respect to Washington's employment discrimination claims, which are the crux of this lawsuit, is Defendant Escambia County School District/School Board. Washington's conclusory assertions against the non-employer Defendants (i.e., all Defendants except the Escambia County School District/School Board) simply do not permit the court to infer more than the mere

possibility of misconduct under any of the other numerous laws he cites. Therefore, Washington's claims against all Defendants except the Escambia County School District/School Board should be dismissed without leave to amend.

With respect to Washington's claims against Defendant Escambia County School District/School Board, Title VII provides a vehicle for plaintiffs to sue for discriminatory employment practices, on the basis of race and other classifications. 42 U.S.C. § 2000e-5(f)(1); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Where the underlying facts are the same, disparate treatment claims under § 1983 follow the same analytical framework as claims under Title VII. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

Defendant Escambia County School District/School Board asserts that Title VII requires a plaintiff to exhaust administrative remedies, prior to filing a federal lawsuit, by filing a claim with the Equal Employment Opportunity Commission ("EEOC") and obtaining a Right to Sue Letter (*see* ECF No. 35 at 6). The Supreme Court recently summarized Title VII's exhaustion requirement:

> Title VII of the Civil Rights Act of 1964 proscribes discrimination in employment on the basis of race, color, religion, sex, or national origin. 78 Stat. 255, 42 U.S.C. § 2000e–2(a)(1). The Act also prohibits retaliation against persons who assert rights under the statute. § 2000e–3(a). As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the Equal

Employment Opportunity Commission (EEOC or Commission). § 2000e–5(e)(1), (f)(1). . . .

Title VII directs that a "charge . . . shall be filed" with the EEOC "by or on behalf of a person claiming to be aggrieved" within 180 days "after the alleged unlawful employment practice occur[s]." 42 U.S.C. § 2000e–5(b), (e)(1). For complaints concerning a practice occurring in a State or political subdivision that has a fair employment agency of its own empowered "to grant or seek relief," Title VII instructs the complainant to file her charge first with the state or local agency. § 2000e–5(c). The complainant then has 300 days following the challenged practice, or 30 days after receiving notice that state or local proceedings have ended, "whichever is earlier," to file a charge with the EEOC. § 2000e–5(e)(1). If the state or local agency has a "worksharing" agreement with the EEOC, a complainant ordinarily need not file separately with federal and state agencies. She may file her charge with one agency, and that agency will then relay the charge to the other. *See* 29 CFR § 1601.13 (2018); Brief for United States as *Amicus Curiae* 3.

When the EEOC receives a charge, . . . it does not "adjudicate [the] clai[m]," *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974). Instead, Title VII calls for the following course. Upon receiving a charge, the EEOC notifies the employer and investigates the allegations. 42 U.S.C. § 2000e–5(b). If the Commission finds "reasonable cause" to believe the charge is true, the Act instructs the Commission to "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Ibid.* When informal methods do not resolve the charge, the EEOC has first option to "bring a civil action" against the employer in court. § 2000e–5(f)(1). Where the discrimination charge is lodged against state or local government employers, the Attorney General is the federal authority empowered to commence suit. *Ibid.*

In the event that the EEOC determines there is "n[o] reasonable cause to believe that the charge is true," the Commission is to dismiss the

charge and notify the complainant of his or her right to sue in court. 42 U.S.C. § 2000e–5(b), f(1); 29 CFR § 1601.28. Whether or not the EEOC acts on the charge, a complainant is entitled to a "right-to-sue" notice 180 days after the charge is filed. § 2000e–5(f)(1); 29 CFR § 1601.28. And within 90 days following such notice, the complainant may commence a civil action against the allegedly offending employer. § 2000e–5(f)(1).

*Fort Bend Cnty., Tex. v. Davis*, — U.S. —, 139 S. Ct. 1843, 1846–47 (2019) (emphasis added). The ADA and the ADEA also require exhaustion of administrative remedies prior to filing a federal employment discrimination lawsuit. *See Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (ADA claim); 29 U.S.C. § 626(d)(1) (ADEA claim).

It is not clear that Washington exhausted his federal administrative remedies prior to filing this employment discrimination lawsuit. Washington states he "dual filed" a charge of discrimination with the Florida Commission on Human Relations ("FCHR") on March 7, 2016, and with the EEOC on October 2016 (*see* ECF No. 19 at 14). Washington states the EEOC deferred investigation and initial processing of the charge to the FCHR (*id.*). Washington states the FCHR issued a Notice of Right to Sue letter in December of 2017 (*id.*); however, according to the documents attached to Washington's Amended Complaint, the document issued by the FCHR in December of 2017 was a <u>Determination of No Reasonable Cause</u> (*see* ECF No. 19,

attached Exhibit 1). Washington filed a Petition for Relief on or about January 14, 2018, thereby appealing the FCHR's determination (*see id.*, Ex. 2). Washington appears to have written "Hearing 4/8/2018" on his copy of the Petition (*see id.*). Washington filed this federal lawsuit on March 20, 2018 (*see* ECF No. 1). There is no indication that prior to the date he filed suit, the FCHR had issued a Final Order, that Washington had sought EEOC review of that decision, or that the EEOC had issued a decision.

Considering Washington's conflicting assertions with respect to exhaustion, and considering the lack of clarity concerning which of Washington's 18 identified Counts are being asserted against his employer, who is the only proper Defendant in this employment discrimination lawsuit, the undersigned recommends that Washington's claims against the Escambia County School District/School Board be dismissed with leave to amend.

III. CONCLUSION

Washington's First Amended Complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face with respect to any of the eighteen Defendants except the Escambia County School District/School Board. And with respect to the School District/School Board,

Washington's First Amended Complaint fails to place this Defendant on fair notice of the claims he is asserting against it such that this Defendant is able to respond. Therefore, the First Amended Complaint should be dismissed, and Washington should be granted leave to file a Second Amended Complaint against only Defendant Escambia County School District/School Board.

If the District Judge adopts this Report and Recommendation, the undersigned will issue an order directing Washington to file a Second Amended Complaint which includes only those claims for which the court has granted leave to amend.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That the Motions to Dismiss (ECF Nos. 34, 36, 40) be **GRANTED**, and Plaintiff's claims be **DISMISSED** as follows:

    a. Plaintiff's claims against Defendant Escambia County School District/School board be **DISMISSED WITH LEAVE TO AMEND;**

    b. Plaintiff's claims against the remaining Defendants be **DISMISSED WITHOUT LEAVE TO AMEND**.

2. That the case be recommitted to the undersigned for issuance of an order directing Plaintiff to file a Second Amended Complaint.

At Pensacola, Florida, this 23rd day of August 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**